FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964  - (voice)
(213) 383-7368  - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiff
ROGER HUANG, General
Partner on behalf of
HYW LIMITED PARTNERSHIP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER HUANG, General Partner on behalf of HYW LIMITED PARTNERSHIP, <br><br><br><br>                    Plaintiff, <br><br> vs. <br><br><br> CITY OF LOS ANGELES, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE, <br><br><br>                    Defendants. | Case No. CV17-3587 <br><br> COMPLAINT FOR DAMAGES; INJUNCTIVE AND DECLARATORY RELIEF <br><br> [Violation of Federal Civil Rights - 42 U.S.C. Section 1983] <br><br><br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff ROGER HUANG, General Partner and on behalf of HYW LIMITED PARTNERSHIP ("Plaintiff," "HYW." or "Huang") hereby files the following Complaint and states and alleges as follows:

1

JURISDICTION AND VENUE

1.    Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3).    This action, which arises under the laws and Constitution of the United States, specifically, under the Fourth, Fifth and Fourteenth Amendments, and involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2.    Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES ("Defendant" or "City"), is a public entity in this District and the claims arose in this District.

PARTIES

3.    Plaintiff is the owner and operator of real property which operates as an apartment building located at 1070 W. Kensington Road, Los Angeles, CA 90026-4362 (the "Property") that is located in the City.

4.    Huang is a general partner of HYW which is a California Limited Partnership and has authority and does file this action on behalf of HYW in such capacity.

5.    Plaintiff alleges that the Defendant CITY is, and at all times herein mentioned was, a municipal corporation organized under the laws and constitution of the State of California.

2

6.    The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiff will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named defendant also refers to defendants sued under fictitious names.

PRELIMINARY FACTUAL HISTORY

7. The property is zoned and classified by the City of Los Angeles as not being subject to the Rent Stabilization Ordinance ("RSO").

8. The RSO requires that a property owner or operator not raise rents annually on tenants beyond a certain percentage of the rent per year.

3

9. The RSO also requires that the property owner, as a condition of obtaining a rental registration statement ("RRS") from the City in order to be permitted to give its sensitive business record information to the City of a list of tenant monthly rents for each unit rented.

10. The information required to be given to the City as alleged in paragraph 9 is a condition of licensing in that starting in year 2018, the City will not issue a property owner a RRS unless such business information is divulged to the City.

11. The City has issued to HYW, as it has to every other property owner and operator subject to the RSO, a provisional RRS, permitting the renting of units to tenants for 2017 only without conditioning the giving to the City of the business information in order to issue the RRS.

12. Further, those property owners and operators of properties subject to the RSO are required by the City to annually pay to the City SCEP fees in order to rent units to tenants and require that such property owners submit upon demand withoit a warrant or consent to periodic physical inspections of the properties, including closed areas not open to the public such as tenant rental units.

13. A failure by a property owner or operator to permit the City access to the inspections set forth in paragraph 12 above, exposes the property owner to civil and criminal penalties under the Los Angeles Municipal Code.

4

14. Despite the fact that HYW's property is not zoned and classified as being subject to the RSO, the City has within the last two years from the date of the filing of this suit until the present, and threatens to do so in the future, required that HYW pay SCEP fees annually, that HYW raise rents on tenants only in accordance with the RSO, requires periodic inspections of the property subject to the RSO, and has issued to HYW a provisional RRS for 2017 subject to the RSO as alleged in paragraphs 7-13 above.

15. As a result of the City's treatment of HYW's property to the requirements of the RSO as alleged in paragraphs 7-14 above, the HYW has suffered substantial economic losses both in the operation of the property and in its fair narket value saleability.

Based on the above facts, PLAINTIFF alleges the following claims:

## FIRST CLAIM FOR RELIEF

(Violation of Civil Rights Under 42 U.S.C.

Section 1983 by Plaintiff Against All

Defendants)

16. Plaintiff realleges and incorporates herein by reference to each and every allegation contained in Paragraphs 1 through 15, and all its subparts, inclusive, as set forth hereinabove.

5

17.    Plaintiff is informed and believes, and based upon such information and belief alleges, that in doing all of the things herein mentioned, defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

18.    Plaintiff is further informed and believes, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-15 above, defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of plaintiff, in particular its individual rights under the Fifth and Fourteenth Amendments of the United States Constitution to be free from an unconstitutional taking of its property, and even if such taking were found to be constitutional the City has failed to justly compensate plaintiff for its economic losses.

19.    The taking claim as alleged in parapgraph 18 above is not subject to any ripeness or jurisdictional bar to first seek just compensation in the California state courts under the Just Compensation Clause of the Fifth Amendment of the United States Constitution.

20.    Plaintiff is further informed and believes, and based upon such information and belief allege, that by

6

taking the actions hereinabove alleged in paragraphs 1-15 above, defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of plaintiff, in particular its individual rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable search and seizure of its property, both on its face under the RSO and as applied to plaintiff; and further violates under the Fourth Amendment by imposing under the RSO, on its face and as applied to plaintiff also, an unconstitutional condition and restriction on its licensing and renting of property in violation of the Fourth Amendment and the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment.

21.    Plaintiff is further informed and believes, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-15 above, defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of plaintiff, in particular its individual rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that similarly situated property owners and operators who have their properties not zoned and classified as subject to the RSO have not, and are not, being treated by the City as plaintiff under the restrictions of the RSO.

22.    The CITY's actions described in paragraphs 1-21 above were done pursuant to official policy, custom, or practice.

23.    As a proximate result of the foregoing acts of defendants, and each of them, plaintiff has suffered and continues to suffer extreme hardship and damages, which damages include, but is not limited to, severe emotional distress and economic damages. Plaintiff is informed and believes, and based upon such information and belief alleges, that the damages each has suffered and continues to incur will be according to proof at trial but not less than $5,000,000.00 against the defendants, and each of them, and that they are also entitled to appropriate declaratory and injunctive relief against all the defendants, and to their reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1.    For damages according to proof at trial but not less than $5,000,000.00;

2.    For declaratory and injunctive relief;

3.    For attorney's fees pursuant to 42 U.S.C. Section 1988;

**FOR ALL CLAIMS FOR RELIEF**

4.    For costs of suit; and

8

5.   For such other and further relief as the Court deems just and proper.

DATED: May 12, 2017                LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for Plaintiff Attorney for Plaintiff ROGER HUANG, General Partner on behalf of HYW LIMITED PARTNERSHIP

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial pursuant to F.R.C.P. 38.

DATED: May 12, 2017                LAW OFFICES OF FRANK A. WEISER

By: _____
FRANK A. WEISER, Attorney for Plaintiff Attorney for Plaintiff ROGER HUANG, General Partner on behalf of HYW LIMITED PARTNERSHIP

9